UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES H. OWENS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-00408-JRG-DCP |
| | ) |
| DAVID RAY, Sheriff, | ) |
| DON BRYANT, Time Keeper, and | ) |
| RHONDA VENABLE, Sgt. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, a prisoner proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 [Doc. 2]. For the reasons set forth below, Plaintiff's complaint will be **DISMISSED**.

**I. SCREENING STANDARD**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases

and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while confined as an inmate at the Claiborne County Jail, Defendant Don Bryant improperly calculated his jail time [Doc. 2 at 3–4]. As a result, Plaintiff claims, he served an extra 91 days in jail on a twenty-four-month sentence, and Defendant Bryant "is already trying to this again" on a subsequent sentence [*Id*. at 4–7]. Plaintiff seeks compensation for the "extra time" he has served [*Id*. at 8].

## III. ANALYSIS

In the instant action, Plaintiff seeks to challenge the duration of his confinement. Judgment in his favor on such a claim would result in a speedier release from prison. Therefore, his federal remedy is through a petition for writ of habeas corpus rather than this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Moreover, to the extent Plaintiff is seeking monetary compensation arising from his confinement, he is prohibited from obtaining such damages unless he can prove that his conviction or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As the Plaintiff has not shown that his conviction or sentence has been invalidated, his claim under 42 U.S.C. § 1983 is not ripe for consideration and will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be **DISMISSED** without prejudice. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE